Mr. Norwood, before you launch into your argument, can you tell me what's going on in state court right now, update us? Mr. O'Keefe has a number of actions that are filed in state court and in federal court right now. Last time I checked, he does have a pending state court petition and a number of other state actions that are filed in federal court right now. I think he just recently filed some documents indicating that the Nevada Supreme Court had stayed its remitter for one of the post-conviction challenges that he had filed. So he's filed an appeal from his last conviction? He's already filed his direct appeal. His direct appeal has already been decided by the Nevada Supreme Court. Sorry, did you say it's been decided? Yes. Okay. And so that judgment is final? That judgment is final, yes. Okay. And he's since filed a number of other post-conviction actions, both in the state court and in the federal court, some of which are still pending. And are those pro se? Everything else except for this case is pro se. Okay. The time, however, to file federal habeas on this identical issue has not expired? I believe he – his time – he actually filed a certiorari petition from the denial of the state direct appeal, which I think was decided in October. And I believe that he filed a 2254 petition prior to October. So I believe he has a timely 2254 right now. But the Court hasn't taken – hasn't appointed counsel or taken action on it. I'm not entirely sure what the status of that petition is right now. Does anybody see that he's represented in that case, which doesn't present any procedural bar to this identical issue that you have here? I'm not entirely certain what issues he's raising in the 2254. I believe one of the issues is an issue, essentially the same double jeopardy issue. Yes. I'm not – I'm not certain if he asked for appointment of counsel in that case. He could save everybody, including you and the Court and the government a lot of trouble if we could just – because it's true in lots of cases. But my understanding is that there – he has raised the same issue of double jeopardy following the conviction, the last conviction, and that that issue is there without any question of his failure to exhaust. Correct. The issue was decided in the direct appeal from his conviction by the Nevada Supreme Court. They denied the claim there. The reason we're here on this 2241 petition is that Mr. O'Keefe was a pre-trial detainee when he filed this petition. But does it make a difference at this point? You're not going to stop the trial. The trial's occurred. So now the question is, was it double jeopardy? The determination of whether a petition is governed by 2241 or 54 is based on the petitioner's status at the time the petition is filed. I know. But the question of whether this trial on which he's now – when you – this case you have is to prevent the trial. The trial has occurred. Now, the issue still remains, was that trial in violation of the double jeopardy provision, right? Yes. And it's a – from his standpoint, the State's standpoint, everybody's, it's really – it's the same issue, just in a different procedural posture and without the problem of whether anything was exhausted. It's true that part of what Mr. O'Keefe hoped to accomplish through the 2241 was to stop the then pending trial, which he was forced to do over his repeated – over his objections and his attempts to stay because the State insisted on going forward. But it's not true that because that trial has happened that there's no relief that the Court can grant him in this 2241. Ultimately, what Mr. O'Keefe wants is the same relief that any petitioner wants in a habeas corpus petition. He wants the conviction set aside and granted double jeopardy. Yes. And he wants to pursue that action through the 2241 petition that he properly filed. Why one petition rather than another? What difference does it make which petition? The 2241 has a procedural question of exhaustion. There's no question of exhaustion on the post-conviction petition. I think the main reason it's important is because the standard of review is different. The 2254 petition is governed by the AEDPA standard of review in 2254d. The 2241 petition is not. Right. See, that's the – I think that's the problem with your case is that you can't circumvent 2254 by filing a 2241, even though certainly he was a pretrial detainee. But the relief you're seeking now is actually 2254 relief. It's a relief from a judgment. And now that he is in custody by virtue of a judgment in the State court, it seems to me that probably you have to pursue that under 2254. Well, I wouldn't agree that the relief we're seeking is 2254 relief. The relief we're seeking is a recognition that his retrial is unconstitutional and that he should be released. The court can still grant that relief under 2241. In fact, it has. There's an unpublished decision that we cite throughout the briefing called Glover, where the Petitioner was – Yeah, but that was a waiver case. I mean, the argument in that case was he actually waived the issue. And I would agree with you that Glover analysis would apply here, if the State were arguing waiver, that you couldn't raise this issue again. But there are other decisions of a court, some unpublished and some published, that indicate, look, once you're in custody by virtue of a judgment, then your remedy is under 2254 and not 2241. I agree, but I think the difference is that this Court has said that that determination is made when this petition was filed. Well, we said that in cases where there was no – the conviction had not occurred  So I think there's a distinction there. So we have all these capital cases where we say you can't circumvent 2254 by filing a 2241 petition, and say you aren't subject to Edpa, you aren't subject to seconder success, et cetera, et cetera. And it seems to me, even though this is backwards, that that's what you're trying to do. Well, Mr. O'Keefe wasn't trying to circumvent 2254. He filed – But wouldn't that be the effect at this point, setting aside what he was trying at the time, because he hadn't been convicted at the time. That's why he was filing a 2241, I think.  But isn't Judge Thomas right that whether that was his intent or not at this point, wouldn't that be the effect? Basically, what – if we were to say that he can't proceed under 2241, we would be rewarding the State for pushing this trial forward when Mr. O'Keefe was doing everything he could to stop it, which would create a rather perverse incentive for the State in these situations, because, frankly, it's not often going to be possible to get a 2241 double jeopardy petition decided on its merits in the Federal court before a pending trial goes forward. That means in all of these cases, the Petitioner is going to be coming forward and asking the Federal courts for a stay, as Mr. O'Keefe did, and the Federal courts are probably going to have to grant that stay, or otherwise they're going to lose jurisdiction to hear the 2241. What I'm saying is if, you know, the Court didn't grant him the stay, but he still has a 2241 petition, and the Court can and should still proceed to adjudicate that 2241 petition. The other issue is exhaustion, and certainly under 2254, exhaustion is jurisdictional. But we do have a lot of case law that says under 2241 it's a prudential doctrine. In other words, it's a – we still require exhaustion, but it's a matter of prudential considerations rather than jurisdictional. So why wouldn't we apply those cases and require you to exhaust anyway? I see I'm running low on time, but I want to answer the question. It's true that there is some authority that we discussed throughout the briefing that talks about these prudential doctrines that ultimately come from Young v. Harris abstention, but the cases that apply that to pretrial challenges are not cases that are talked – the controlling cases are not cases that talk about double jeopardy claims. Because this Court has recognized that double jeopardy represents a unique exception to the normal abstention rules that apply. Now, even if you do apply some of the out-of-circuit authority, specifically the Sixth Circuit cases like Harpster and Phillips, that do say that there is some sort of exhaustion requirement that applies to 2241s, what they say is that a situation like this, where in Nevada there is no appeal as of right from the denial of a double jeopardy motion, it's enough to raise the issue in the State trial court to exhaust it for Federal review purposes. And that's what Mr. O'Keefe has done. Thank you. Just to ask you one question. Assume for the moment that you don't prevail here on the 2241 case, are you in a position to see that somebody is just – I have no idea what the merits of the double jeopardy claim are, but I assume he's going to pursue it here and it will be back in this Court as a post-conviction claim. Are you in a position to see that he has sufficient guidance, that he doesn't waive, forfeit, or fail to file whatever papers are necessary to pursue that claim? I agree that he should get counsel on – if this petition were to be dismissed and all he had left was the 2254, I agree that he should get counsel on that. It may not be the best idea for me to represent him on that case, especially since I was representing him during the pendency of this third trial and I had some contact with the lawyer who handled the appeal and so forth. But I think somebody should represent him and I – that's something that I would speak with Mr. O'Keefe about and do what I could to ensure that he has some counsel representing him on that. Thank you. Just one more question. Do you think that – and I think I heard you correctly, but I want to make sure. Do you feel that if we were looking – if another panel were looking at this under a 2254 analysis, that he has sufficiently exhausted his State remedies to entitle him to Federal 2254 relief on a double jeopardy claim? At this point, he has because his direct appeal where he raised the claim is final. I mean, the problem with applying exhaustion to 2241 petitions is that a petitioner who was in Mr. O'Keefe's pretrial circumstance didn't really have a way to exhaust the claim before his conviction because there was no appeal as of right from the motion he filed in the trial court to enjoin his trial from taking place other than an extraordinary writ. No, those are extraordinary writs. But that – the Supreme Court said that extraordinary writs aren't necessary or sufficient to exhaust Federal claims. Well, that's why it's a prudential doctrine. You can always say, look, you don't need to – we can excuse exhaustion because it would be futile under the circumstances. That's, I think, the difference in 2241 and 2254. But I gather from what you're saying, and although you're not familiar with all the pleadings, that he's got other claims in State court that may or may not be exhausted yet. I'm not certain what other claims he has. I know he's often – I think in every pleading he's filed, he's raised some version of this double jeopardy claim, though. Okay. Thank you. May it please the Court. I'm Steve Owens of the Clark County District Attorney's Office for the State of Nevada, the appellees in this action. At the outset, I have raised two procedural arguments in response to their appeal claims, and that is younger abstention and mootness. The aspect of the double jeopardy claim that constitutes an exception to the younger abstention is the right to not be tried twice, not just not to be convicted twice, but to prevent a retrial, to have to endure the ordeal of another trial. And for that reason, it is necessary on occasion for Federal courts to intervene in ongoing State court proceedings to protect that right. That no longer exists. Now that the trial has taken place, that extraordinary circumstance simply isn't there anymore. And if there has been a double jeopardy violation, it can await more traditional relief through the 2254 petition. And I agree that there is a distinction with the burden of proof. The Attorney General of my State would defend on a 2254 action, and that's certainly not my expertise. I don't know to what extent the statutory exhaustion doctrine might be different than the exhaustion, the prudential exhaustion under 2241, and there's the one-year time limit, et cetera, and a highly deferential standard of proof. That is where this double jeopardy claim should now end up, is in 2254. We don't have that extraordinary circumstance. I've also raised mootness because during the pendency of an appeal, there can be an intervening event which results in the Court of Appeals no longer being able to render any effectual ruling in the appellant's favor. And, again, because of the trial, that was the goal of their petition was to stop the retrial, to release from pretrial detainment. This Court can't grant that relief. The district court below can no longer grant that relief of preventing or barring that retrial, that trial's taken place. So if there is, if there has been, if that trial was in violation of double jeopardy, again, it's moot under 2241, can be raised under 2254. Can you tell me, do you agree that at this point in time that the double jeopardy claim has been exhausted in State court? It appears that way to me. But, like I said, I don't want to do anything to tie the hands of the Nevada Attorney General. I don't know. I don't know all the nuances of the exhaustion under 2254 that might be different. It appears to me that it was raised in a motion just before trial in the trial court and then on appeal. On direct appeal? Are you saying on direct appeal it was raised? Yes, on the direct appeal to Nevada Supreme Court. It appears that it was probably raised to me. But I would defer to the Attorney General. They may have some procedural argument to the contrary. I just don't know. Well, I wasn't asking about exhaustion in the 2254 context. But, I mean, you've raised exhaustion in this case under the 2241. Would you agree that, assuming that prudential exhaustion exists, that at this point in time the petitioner has sufficiently exhausted the claim? For purposes of 2241, I would say yes. I've looked at the claim. I responded to the claim on the direct appeal. For purposes of 2241, yes, it was exhausted. But it was exhausted after the district court had already dismissed the petition without prejudice. And it was exhausted during the pendency of this appeal. And what steps do you think, assuming that exhaustion applies, how could this petitioner have exhausted his 2241 or his double jeopardy claim in the 2241 context in State court prior to trial? You know, this particular double jeopardy claim arose a year and a half before he filed his Federal petition. It arose in the order of reversal and remand from the first trial. The claim was ripe at that time. He allowed it to go to a second trial that ended in, I believe it was a hung jury mistrial. And even then, he waited some more months. On the eve of the third trial, he then files the Federal petition. So a year and a half went by. During that time, he did file an extraordinary writ petition on a different double jeopardy claim, specifically prosecutorial misconduct occurring during that second trial. So he knew he was representing himself. He might have had an attorney at that time, but he's had attorneys and not at different various points in the case. But he knew how to exhaust, how to get a double jeopardy claim for the Nevada Supreme Court. He could have done it any time prior to filing the petition. But I may not turn around, but I gather your answer is that, in your view, exhaustion would be by extraordinary writ to the Nevada Supreme Court. Yes. And I've cited three published cases in my brief where litigants have sought free trial relief from precisely this type of double jeopardy claim that couldn't be adequately remedied post-conviction. It's to bar a retrial. So it's a well-established procedure in Nevada. It's the only way to get a pretrial claim like this heard for the Nevada Supreme Court. Did you say in your answer to Judge Thomas' question that in the 2241 context he has not exhausted? I thought you said he had exhausted. Well, I think for the 2241 purposes, it is now exhausted. It was not when the petition was dismissed in Federal district court below. I understood the question to be how could he have exhausted in the 2241 context before he was convicted. Before he was convicted, well, at any time. Maybe I'm missing words. Is your position that he, in order to exhaust, he would have had to file an extraordinary writ from the denial of the motion? Yes. All right. Yes, absolutely. Extraordinary relief. A writ of mandamus is the way to exhaust a double jeopardy claim in the State of Nevada to get that claim before the Nevada Supreme Court. Didn't he file such a writ in connection with the first motion regarding double jeopardy? He did, on a different double jeopardy basis. So he knew how to exhaust, and he simply didn't avail himself of that. In the response to the order to show cause in Federal court, he said, yeah, he didn't exhaust. He conceded that he didn't exhaust. He said it was because of this dicta in White v. Lambert that said Ninth Circuit is unique. We don't have to exhaust 2241 petitions. That was his claim below. And I think this Court recognizes that is not the law in Nevada. I think White v. Lambert needs to be, to the extent people are relying upon that as an indication that exhaustion is not required at all, I think there needs to be some clarification of that. So what's your best case that says that you have to exhaust a double jeopardy claim by State extraordinary writ before filing a Federal habeas 2241 petition? Specifically whether the writ of mandamus is required to exhaust? Yeah. You know, I don't know that that claim was raised below. They didn't argue in response to the show cause order that we're unable to exhaust. There's no available way or it would be futile to try a writ. They didn't make that argument. But I think in my brief I have cited O'Sullivan v. Borkel, Supreme Court, 1999 case, as well as Chambers v. McDaniel. From this circuit in 2008, granted Chambers v. McDaniel was looking at a procedurally barred issue and they said you don't have to go that extra step of exhausting through a mandamus, but where a claim has not already gone up through an appeal and is not procedurally barred, I think Chambers v. McDaniel does recognize that mandamus would be necessary for mandamus. Certainly the Federal District Court judge below believed that exhaustion was available, was possible, remanded it or denied it without prejudice so that O'Keefe could exhaust his claim. He could have immediately filed a mandamus petition or I guess he'd have to file the motion first in District Court. He could have asked for a stay in order to seek an extraordinary writ to the Nevada Supreme Court. That's very different than the stay that was denied later by this court on appeal and on the eve of trial below. He could have sought an extraordinary writ at that time in order to comply with the Federal order. He simply chose not to and decided to rest his case on the argument that 2241 does not require exhaustion. I think he's wrong on that point. Thank you, counsel. Thank you. Do I have any time left, Your Honor? We'll give you a minute. Thank you. It's true that Mr. O'Keefe could have filed an extraordinary writ. Anybody in any situation can file an extraordinary writ with the Nevada Supreme Court. The Nevada Supreme Court has made it clear that these sorts of writs aren't sufficient to exhaust claims. Sometimes the Nevada Supreme Court does hear double jeopardy claims on extraordinary writs, and sometimes they don't. What Mr. O'Keefe did do is he availed himself of the remedy that was available to him as a matter of right, which was filing a motion in the District Court. And even if we were to hold that some type of exhaustion requirement applied in this pretrial context, which is really like fitting a square peg in a round hole, what I would urge the Court to do is to follow what the Sixth Circuit's done in Harpster and Phillips and say that in this situation, filing the motion with the trial court is enough if there is no appeal as of right from the denial of that motion. Thank you. Thank you, counsel. The case is currently submitted. The next case is U.S. v. Wright.
judges: Reinhardt, Thomas, Christen